COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WXIII/FAR YALE GEN-PAR, LLC, as General Partner of WXIII/FAR YALE REAL ESTATE LIMITED PARTNERSHIP,<br>    Plaintiff<br><br>VS.<br><br>LINSANG PARTNERS, LLC.;<br>    Defendant<br>and<br>LMIC, INC. and LMIC MANUFACTURING, INC.,<br>    Reach and apply Defendants | DOCKET # 04CV10372 WGY |

## PLAINTIFF'S EMERGENCY MOTION FOR THE HEARING ON THE PLAINTIFF'S APPLICATIONS FOR PRELIMINARY INJUNCTIONS

NOW COMES the Plaintiff WXIII FAR YALE GEN-PAR, LLC, (herein "plaintiff") as general partner of WXIII/FAR YALE REAL ESTATE LIMITED PARTNERSHIP and moves this Honorable Court to set down an immediate hearing on plaintiff's preliminary injunction applications in prayers 2, 3 and 4 of the verified complaint.

As reason therefor, plaintiff asserts that the within action is a suit on a Judgment obtained against Linsang in the amount of $2,077,153.19 from the United States District Court for the District of Massachusetts, CA No. 02-10323RCL (the "Federal Court"), which was a case originally commenced in the Suffolk Superior Court, CA No. 02-0544BLS, and thereafter removed by the defendant to the Federal Court. Said Judgment was obtained after a summary judgment was entered in the plaintiff's favor by the Federal Court. Since Linsang did not appeal

1

that case, that Judgment became a final and valid Judgment against Linsang for which an execution issued.

Plaintiff brought the within action in the Suffolk Superior Court after learning from an SEC Form SB-2 Registration Certificate filed by LMIC, Inc. with the Securities and Exchange Commission ("SEC") on or about January 6, 2004 ("the prospectus") that disclosed an intent by several of its shareholders, including Linsang, to offer to sell a certain amount of common stock which they own in LMIC. According to the prospectus, Linsang owns 49.53% of the common stock of LMIC (5,317,787 shares) of which Linsang will sell 187,546 shares to LMIC or to the public. According to the SEC filing, the proposed maximum offering price per share is $1.50; with LMIC's common stock being quoted on the OTC Bulletin Board on December 31, 2003 at the closing bid price of $2.35 per share. At a F.R.Civ.P. 30(b)(6) deposition of Linsang taken by Yale on July 26, 2002 in the underlying case, the deponent for Linsang confirmed that Linsang has an interest in Linsang Manufacturing as an "investor."

On February 25, 2004, the same day on which the plaintiff was to be heard by Suffolk Superior Court on its application for a preliminary injunction, defendants removed the within case to Federal Court. Plaintiff has reasons to believe, based on LMIC's SEC filing, that the sale of the subject stock is imminent, or within the very immediate future. In the case at bar, Plaintiff, as a Judgment creditor, of Linsang, seeks to reach and apply the stock or shares of Linsang in LMIC and Linsang Manufacturing and/or any proceeds derived or to be derived therefrom to satisfy in whole or in part the outstanding Judgment and Execution held by the Plaintiff. See *In Re Rare Coin Galleries of America v. Vinick & Young*, 862 F. 2d 896, 903-904 (1st Cir., 1988) (reach and apply remedy is available to judgment creditors that are unable to execute on defendant's assets). Plaintiff would suffer irreparable harm and damage if defendants

were allowed to sell the subject stock, since plaintiff is unaware of any other assets of Linsang that may be attached or reached to satisfy its Judgment and Execution. See *Teradyne, Inc. v. Mostek Corp.*, 797 F. 2d 43, 53 (1st Cir., 1986)( a preliminary injunction can be granted when it is necessary to protect the damages remedy).

Attached hereto is a copy of the verified complaint filed with the Suffolk Superior Court in this case.

Wherefore, Plaintiff requests this Honorable Court set a hearing date as soon as may be possible on the Plaintiff's Application for Preliminary Injunctive relief.

March 1, 2004

By its attorneys,

Alvin S. Nathanson
BBO # 367480
Nathanson & Goldberg, P.C.
Two Oliver Street
Boston, MA 02109
(617) 210-4800

## CERTIFICATE OF SERVICE

I, Alvin S. Nathanson, attorney for the plaintiff in the above case hereby certify that I did serve a copy of the within motion on this date by hand delivery to counsel for the defendants, Joseph L. Demeo and David W. Fanikos, Esquires, Demeo & Associates, PC, One Lewis Wharf, Boston, MA 02110.

March 1, 2004

_____
Alvin S. Nathanson

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) **B.L.S.** | | Trial Court of Massachusetts Superior Court Department County: SUFFOLK  |
|---|---|---|---|
| PLAINTIFF(S) WXII/FAR YALE GEN-PAR, LLC as General Partner of WXIII/FAR YALE Real Estate Limited Partnership | | DEFENDANT(S) Linsang Partners, LLC; and LMIC, Inc. and LMIC Manufacturing, Inc., Reach and Apply Defendants | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Alvin S. Nathanson (617) 210-4800 2 Oliver Street, Boston, MA 02109 Board of Bar Overseers number: # 367480 | | ATTORNEY (if known) | |

Origin Code

Original Complaint

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) | | |
|---|---|---|---|
| | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| B.2 BK 1 | securities transaction Commercial Claim | * ( B ) | ( ) Yes  ( x ) No |

**The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.**

This is a commercial claim to reach and apply shares of stock in excess of $2 million dollars. Plaintiff is the holder of an unsatified Judgment and Execution issued by the Federal Court against Linsang in the amount of $2,077,153.19 together with interest, costs and reasonable attorney's fees. The within case will involve the review of a SEC securities prospectus, along with the issue of shares of stock in various corporate entities and their related entities. The reach and apply part of the case will involve an understanding of securities transactions of the various parties.

A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

None

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute esolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _____

TC-6 mtc005-11/99
S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                SUPERIOR COURT DEPARTMENT
                                           CA NO.

| | |
|---|---|
| WXIII/FAR YALE GEN-PAR, LLC, as General Partner of WXIII/FAR YALE REAL ESTATE LIMITED PARTNERSHIP,<br>      Plaintiff<br><br>VS.<br><br>LINSANG PARTNERS, LLC.;<br>      Defendant<br>and<br>LMIC, INC. and LMIC MANUFACTURING, INC.,<br>      Reach and apply Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.   Plaintiff is a limited partnership with WXIII/FAR Yale GEN-PAR, LLC, as its general partner, ("Plaintiff" or "Yale") with a usual place of business in Boston, Suffolk County.

2.   Defendant Linsang Partners, LLC. ("Linsang") is, upon information and belief, a Delaware limited liability company duly organized with an usual place of business at 6435 Virginia Manor Road, Beltsville, MD, and doing business in the Commonwealth of Massachusetts.

3.   Defendant LMIC, Inc. ("LMIC") is, upon information and belief, a Delaware corporation with a usual place of business at 6435 Virginia Manor Road, Beltsville, MD. Defendant LMIC Manufacturing, Inc. ("Linsang Manufacturing), is, upon information

1

and belief, a Delaware corporation duly organized with a usual place of business at 6435 Virginia Manor Road, Beltsville, MD.

4. At all times material hereto, Kwok Li was the founder and the chairman of LMIC along with the chairman and managing partner of Linsang.

5. On or about December 8, 2003, Yale recovered a Judgment against Linsang in the amount of $2,077,153.19 from the United States District Court for the District of Massachusetts, CA No. 02-10323RCL (the "Federal Court"), which was a case originally commenced in the Suffolk Superior Court, CA No. 02-0544BLS, and thereafter removed by the defendant to the Federal Court. A copy of the First Execution dated December 22, 2003 as issued by the Federal Court is attached hereto as Exhibit "A." That case involved a claim by Yale against Linsang for damages for breach of lease for unpaid rent, additional charges, and other damages under a Lease executed by Linsang for premises located in Boston, MA. Yale recovered a Judgment in the Federal Court after the allowance by the Federal Court of Yale's Motion For Summary Judgment and an assessment of damages. Since Linsang did not appeal that case, that Judgment became a final and valid Judgment against Linsang.

6. Yale has made demand upon Linsang for the payment of the aforementioned Judgment and Execution, which Linsang has failed, refused, and neglected to pay in whole or in part.

7. Notwithstanding the foregoing, the Judgment and Execution remain unsatisfied, in whole or in part, and remain outstanding with Yale being the holder of the Judgment and Execution.

8.   Yale is unaware of any assets of Linsang that may be attached, seized, or otherwise reached to satisfy the aforementioned Judgment and Execution, except for 5,317,787 shares owned by Linsang in LMIC and an interest in Linsang Manufacturing.

9.   (a)   On or about January 6, 2004, LMIC filed with the Securities and Exchange Commission ("SEC") a Form SB-2 Registration Certificate in which LMIC disclosed in that prospectus an intent by several of its shareholders, including Linsang, to offer to sell a certain amount of common stock which they own in LMIC. According to the prospectus, Linsang owns 49.53% of the common stock of LMIC (5,317,787 shares) of which Linsang will sell 187,546 shares to LMIC or to the public. According to the SEC filing, the proposed maximum offering price per share is $1.50; with LMIC's common stock being quoted on the OTC Bulletin Board on December 31, 2003 at the closing bid price of $2.35 per share.

(b)   At a F.R.Civ.P. 30(b)(6) deposition of Linsang taken by Yale on July 26, 2002, the deponent for Linsang testified that the Linsang has an interest in Linsang Manufacturing as an "investor." (pp. 61-62). According the aforementioned SEC filing, Linsang Manufacturing became a wholly owned subsidiary of LMIC Manufacturing, Inc. which thereafter changed its name to LMIC.

10.   Yale, as a Judgment creditor, of Linsang, seeks to reach and apply the stock or shares of Linsang in LMIC and Linsang Manufacturing and/or any proceeds derived or to be derived therefrom to satisfy in whole or in part the outstanding Judgment and Execution held by Yale.

## COUNT I

11.    Yale repeats, realleges, and incorporates herein paragraphs 1-10 above, as though separately set forth herein.

12.    Yale has obtained a valid final Judgment and Execution against Linsang, which is outstanding, and which has not been satisfied either in full or in part.

## COUNT II

13.    Yale repeats, realleges, and incorporates herein paragraphs 1-12 above, as though separately set forth herein.

14.    Yale seeks equitable relief against Linsang in order to reach and apply the shares or stock of LMIC and Linsang Manufacturing which are owned directly or indirectly by Linsang to reach and apply any proceeds derived or to be derived therefrom. With respect to shares or stock that cannot be attached or seized, Yale seeks an order to sell said shares or stock and to receive any proceeds derived therefrom to be applied on account of the outstanding Judgment and Execution held by Yale against Linsang.

15.    Pending the outcome of the within suit, Yale also seeks equitable relief in the form of injunctive relief against the defendants in order to enjoin the sale of stock or shares owned directly or indirectly by Linsang, whether such sale be to LMIC to any other related party or to the public, which sale, upon information and belief, Yale believes to be imminent.

WHEREFORE, Yale requests the following relief:

1.    That a Judgment issue against Linsang in the amount of the Judgment and Execution issued by the Federal Court against Linsang in the amount of $2,077,153.19, together with interest, costs and reasonable attorney's fees.

2. That a temporary restraining order issue by this Court against the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees, and attorneys enjoining and restraining the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees, and attorneys from selling, transferring, assigning, encumbering, pledging, conveying or otherwise hypothecating its shares or stock in LMIC, Inc. and LMIC Manufacturing, Inc., until the further Order of this Court.

3. That a temporary restraining order issue by this Court against the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees, and attorneys enjoining and restraining the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees and attorneys from receiving, accepting and/or receiving any money from or arising out of any stock or shares sold or to be sold to LMIC, Inc. and LMIC Manufacturing, Inc. and/or to any other person, firm or entity, until the further Order of the Court.

4. That a temporary restraining order issue by this Court against the defendant LMIC, Inc., its officers, directors, owners, members, agents, servants, employees, and attorneys enjoining and restraining the defendant LMIC, Inc. from purchasing, buying, paying, acquiring or otherwise accepting any shares or stock owned directly or indirectly by Linsang Partners, LLC, including, but not limited to the shares or stock to be purchased or acquired by LMIC as set forth in the Form SB-2 Registration Statement filed with the SEC on January 6, 2004, until the further Order of the Court.

5. That after a hearing a preliminary injunction issue by this Court under prayers 2, 3 and 4 above.

5

6. That the shares or stock owned directly or indirectly by Linsang Partners, LLC in LMIC and LMIC Manufacturing, Inc. and/or any money paid or to be paid for its shares or stock be reached and applied, with a Judgment entering ordering the defendant Linsang Partners, LLC to pay over any money paid or to be paid to Linsang and/or received by Linsang for its shares or stock and order Linsang to transfer, sell, assign or otherwise convey its shares of stock in LMIC and LMIC Manufacturing, Inc. to Yale, and in the alternative to appoint a Receiver or Special Commissioner to seize or otherwise take possession and title to the shares of stock of Linsang to sell at private or public auction upon such terms as may be ordered by the Court, with the any proceeds therefrom to be applied on account of the outstanding Judgment and Execution obtained by Yale against Linsang.

7. For such other and further relief as to this Court may deem just and proper.

February      , 2004

Plaintiff,
By its attorneys,

WXIII/FAR Yale Gen-Par, LLC.
as General Partner of WXIII/FAR
Yale Real Estate Limited Partnership,

_____
Alvin S. Nathanson, BBO# 367480
Nathanson & Goldberg, PC
2 Oliver Street
Boston, MA 02109
(617) 210-4800

James E. Lesko, III

6

Commonwealth of Massachusetts

Suffolk, ss.                                                February 18, 2004

    On this 18th day of February, 2004, before me, the undersigned notary public, personally appeared James E. Lesko, proved to me through satisfactory evidence of identification, which was a valid driver's license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose, and did make oath that the above statements are true, excepting those made upon information and belief, and as to those he believes them to be true.

*[signature]*
Daniel P. Holmes
Notary Public

My commission expires: April 21, 2006

7

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**FIRST EXECUTION**                    CIVIL ACTION NO. 02-10323 RCL

To the United States Marshal for the District of Massachusetts or either of her Deputies and to _____, Special Process Server:

WHEREAS WXIII/FAR YALE GEN-PAR, LLC, as general partner of WXIII/FAR YALE REAL ESTATE LIMITED PARTNERSHIP has recovered judgment against LINSANG PARTNERS, LLC. _____ on the 8th day of December, 2003, 19__, for the sum of $2,077,153.19, debt or damage, pre-judgment interest in the amount of $ -0- , and costs of this suit in the amount of $_____, as to us appears of record, whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or lands of the said Judgment Debtor, to cause to be paid and satisfied unto the said Judgment Creditor, at the value thereof in money, the aforesaid sums, being a total of $ $2,077,153.19 , in the whole, with interest thereon at the rate of _____ from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at Boston , Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

Dated this 22nd day of December , 19 2003



TONY ANASTAS
CLERK OF COURT

By: _____
Deputy Clerk

[writexec.]