UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WXIII/FAR YALE GEN-PAR, LLC, as General Partner of WXIII/FAR YALE REAL ESTATE LIMITED PARTNERSHIP, <br> Plaintiff <br><br> VS. <br><br> LINSANG PARTNERS, LLC.; <br> Defendant <br> and <br> LMIC, INC. and LMIC MANUFACTURING, INC., <br> Reach and apply Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CA NO.04-CV10372 RCL |

## FIRST AMENDED COMPLAINT

1.  Plaintiff is a limited partnership with WXIII/FAR Yale GEN-PAR, LLC, as its general partner, ("Plaintiff" or "Yale") with a usual place of business in Boston, Suffolk County.

2.  Defendant Linsang Partners, LLC. ("Linsang") is, upon information and belief, a Delaware limited liability company duly organized with a usual place of business at 6435 Virginia Manor Road, Beltsville, MD, and doing business in the Commonwealth of Massachusetts.

3.  Defendant LMIC, Inc. ("LMIC") is, upon information and belief, a Delaware corporation with a usual place of business at 6435 Virginia Manor Road, Beltsville, MD. Defendant LMIC Manufacturing, Inc. ("Linsang Manufacturing") is, upon information and

1

belief, a Delaware corporation duly organized with a usual place of business at 6435 Virginia Manor Road, Beltsville, MD.

4. At all times material hereto, Kwok Li was the founder and the chairman of LMIC along with the chairman and managing partner of Linsang.

5. On or about December 8, 2003, Yale recovered a Judgment against Linsang in the amount of $2,077,153.19 from the United States District Court for the District of Massachusetts, CA No. 02-10323RCL (the "Federal Court"), which was a case originally commenced in the Suffolk Superior Court, CA No. 02-0544BLS, and thereafter removed by the defendant to the Federal Court. A copy of the First Execution dated December 22, 2003 as issued by the Federal Court is attached hereto as Exhibit "A." That case involved a claim by Yale against Linsang for damages for breach of lease for unpaid rent, additional charges, and other damages under a Lease executed by Linsang for premises located in Boston, MA. Yale recovered a Judgment in the Federal Court after the allowance by the Federal Court of Yale's Motion For Summary Judgment and an assessment of damages. Since Linsang did not appeal that case, that Judgment became a final and valid Judgment against Linsang.

6. Yale has made demand upon Linsang for the payment of the aforementioned Judgment and Execution, which Linsang has failed, refused, and neglected to pay in whole or in part.

7. Notwithstanding the foregoing, the Judgment and Execution remain unsatisfied, in whole or in part, and remain outstanding with Yale being the holder of the Judgment and Execution.

8.  Yale is unaware of any assets of Linsang that may be attached, seized, or otherwise reached to satisfy the aforementioned Judgment and Execution, except for (i) 5,317,787 shares owned by Linsang in LMIC, (ii) an interest in Linsang Manufacturing and (iii) the other shares of stock and notes receivable owned by Linsang as hereinafter set forth.

9.  (a) On or about January 6, 2004, LMIC filed with the Securities and Exchange Commission ("SEC") a Form SB-2 Registration Certificate in which LMIC disclosed in that prospectus an intent by several of its shareholders, including Linsang, to offer to sell a certain amount of common stock which they own in LMIC. According to the prospectus, Linsang owns 49.53% of the common stock of LMIC (5,317,787 shares) of which Linsang will sell 187,546 shares to LMIC or to the public. According to the SEC filing, the proposed maximum offering price per share is $1.50; with LMIC's common stock being quoted on the OTC Bulletin Board on December 31, 2003 at the closing bid price of $2.35 per share.

(b) At a F.R.Civ.P. 30(b)(6) deposition of Linsang taken by Yale on July 26, 2002, the deponent for Linsang testified that the Linsang has an interest in Linsang Manufacturing as an "investor." (pp. 61-62). According the aforementioned SEC filing, Linsang Manufacturing became a wholly owned subsidiary of LMIC Manufacturing, Inc. which thereafter changed its name to LMIC.

(c) As a result of documents recently furnished to the plaintiff pursuant to a document request in a F.R.Civ.P. 69 deposition in the underlying suit, plaintiff has learned of other shares of stock owned by Linsang, which list of shares is attached hereto

3

as Exhibit "B", and plaintiff has learned of notes receivable owed to Linsang, which list of notes is attached hereto as Exhibit "C."

10. Yale, as a Judgment creditor of Linsang, seeks to reach and apply the stock or shares of Linsang in LMIC and Linsang Manufacturing and/or any proceeds derived or to be derived therefrom to satisfy in whole or in part the outstanding Judgment and Execution held by Yale, and to reach and apply the other shares of stock owned by Linsang, and to reach and apply the notes receivable, with Linsang being ordered to turn over or otherwise assign over to the plaintiff all of its right, title and interest in the shares of stock and notes receivable to be applied on account of the money owed to the plaintiff for the Judgment.

## COUNT I

11. Yale repeats, realleges, and incorporates herein paragraphs 1-10 above, as though separately set forth herein.

12. Yale has obtained a valid final Judgment and Execution against Linsang, which is outstanding, and which has not been satisfied either in full or in part.

## COUNT II

13. Yale repeats, realleges, and incorporates herein paragraphs 1-12 above, as though separately set forth herein.

14. Yale seeks equitable relief against Linsang in order to reach and apply the shares or stock of LMIC and Linsang Manufacturing which are owned directly or indirectly by Linsang, to reach and apply any proceeds derived or to be derived therefrom, to reach and apply the shares of stock listed on Exhibit "B" and to reach and apply the notes receivable listed on Exhibit "C". With respect to shares or stock that cannot be attached

or seized, Yale seeks an order to sell said shares or stock and to receive any proceeds derived therefrom or to have these shares ordered to be transferred to the plaintiff to be applied on account of the outstanding Judgment and Execution held by Yale against Linsang. With respect to the notes receivable, Yale seeks an order to sell said notes and to receive any proceeds therefrom or to have these notes ordered to be transferred to the plaintiff to be applied on account of the outstanding Judgment and Execution held by Yale against Linsang.

15. Pending the outcome of the within suit, Yale also seeks equitable relief in the form of injunctive relief against the defendants in order to enjoin the sale, transfer, assignment or encumbering of the stock or shares owned directly or indirectly by Linsang, including the shares of stock listed on Exhibit "B", whether such sale be to LMIC to any other related party or to the public; and to enjoin the sale, transfer, assignment or encumbering of the notes receivable listed on Exhibit "C".

WHEREFORE, Yale requests the following relief:

1. That a Judgment issue against Linsang in the amount of the Judgment and Execution issued by the Federal Court against Linsang in the amount of $2,077,153.19, together with interest, costs and reasonable attorney's fees.

2. That a temporary restraining order issue by this Court against the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees, and attorneys enjoining and restraining the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees, and attorneys from selling, transferring, assigning, encumbering, pledging, conveying or otherwise

hypothecating its shares or stock in LMIC, Inc. and LMIC Manufacturing, Inc., until the further Order of this Court.

3.      That a temporary restraining order issue by this Court against the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees, and attorneys enjoining and restraining the defendant Linsang Partners, LLC, its officers, directors, owners, members, agents, servants, employees and attorneys from receiving, accepting and/or receiving any money from or arising out of any stock or shares sold or to be sold to LMIC, Inc. and LMIC Manufacturing, Inc. and/or to any other person, firm or entity, until the further Order of the Court.

4.      That a temporary restraining order issue by this Court against the defendant LMIC, Inc., its officers, directors, owners, members, agents, servants, employees, and attorneys enjoining and restraining the defendant LMIC, Inc. from purchasing, buying, paying, acquiring or otherwise accepting any shares or stock owned directly or indirectly by Linsang Partners, LLC, including, but not limited to the shares or stock to be purchased or acquired by LMIC as set forth in the Form SB-2 Registration Statement filed with the SEC on January 6, 2004, until the further Order of the Court.

5.      That a temporary restraining order issue by this Court against the defendant Linsang, its officers, directors, owners, members, agents, servants, employees and attorneys enjoining and restraining them from selling, transferring, assigning, encumbering, pledging, conveying or otherwise hypothecating the shares of stock listed on Exhibit "B" and the notes receivable listed on Exhibit "C", until the further Order of the Court.

6.	That after a hearing a preliminary injunction issue by this Court under prayers 2, 3 4, and 5 above.

7.	That the shares or stock owned directly or indirectly by Linsang Partners, LLC in LMIC and LMIC Manufacturing, Inc. and also the shares or stock listed on Exhibit "B" and the notes receivable listed on Exhibit "C" and/or any money paid or to be paid for its shares or stock or notes be reached and applied, with a Judgment entering ordering the defendant Linsang Partners, LLC to pay over any money paid or to be paid to Linsang and/or received by Linsang for its shares or stock or ordering the defendant Linsang Partners, LLC to transfer its right, title and interest in the shares of stock and notes ;and order Linsang to transfer, sell, assign or otherwise convey its shares of stock in LMIC and LMIC Manufacturing, Inc, and the shares or stock on the list attached hereto as Exhibit "B" along with the notes receivable listed on Exhibit "C" to Yale , and in the alternative to appoint a Receiver or Special Commissioner to seize or otherwise take possession and title to the shares of stock and notes receivable owned by Linsang to sell at private or public auction upon such terms as may be ordered by the Court, with any proceeds therefrom to be applied on account of the outstanding Judgment and Execution obtained by Yale against Linsang.

8.	For such other and further relief as to this Court may deem just and proper.

March 26, 2004

Plaintiff,  
By its attorneys,

WXIII/FAR Yale Gen-Par, LLC.  
as General Partner of WXIII/FAR  
Yale Real Estate Limited Partnership

_____  
Alvin S. Nathanson, BBO# 367480  
Nathanson & Goldberg, PC  
2 Oliver Street  
Boston, MA 02109  
(617) 210-4800

_____  
James E. Lesko, III

Commonwealth of Massachusetts

Suffolk, SS.                                                March 27, 2004

Then personally appeared before me the above named James E. Lesko, III on behalf of the plaintiff and did make oath that the above statements are true, excepting those made upon information and belief, and as to those he believes them to be true.

_____  
Notary Public

My commission expires:

Apr/21, 2006

8

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**FIRST EXECUTION**  CIVIL ACTION NO. 02-10323 RCL

To the United States Marshal for the District of Massachusetts or either of her Deputies and to _____, Special Process Server:

WHEREAS WXIII/FAR YALE GEN-PAR, LLC, as general partner of WXIII/FAR YALE REAL ESTATE LIMITED PARTNERSHIP has recovered judgment against LINSANG, PARTNERS, LLC. _____ on the 8th day of December, 2003, 19__, for the sum of $2,077,153.19, debt or damage, pre-judgment interest in the amount of $ -0- , and costs of this suit in the amount of $_____, as to us appears of record, whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or lands of the said Judgment Debtor, to cause to be paid and satisfied unto the said Judgment Creditor, at the value thereof in money, the aforesaid sums, being a total of $ $2,077,153.19 , in the whole, with interest thereon at the rate of _____ from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at Boston , Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or discharged.

Dated this 22nd day of December , 19 2003

TONY ANASTAS
CLERK OF COURT

By: /s/ Lisa M Hourihan
Deputy Clerk

[writexec.]

Schedule 1.1(b)

## DESCRIPTION OF INVESTMENT PROPERTY

**Pledged Stock:**

| Issuer | Class of Stock | Stock Certificate No. | No. of Shares |
|---|---|---|---|
| Alatiere, Inc. | Common | 1 | 2,000,000 |
| Alatiere, Inc. | Common | 2 | 14,000,000 |
| Alatiere, Inc. | Common | 3 | 20,000,000 |
| Armillaire Technologies, Inc. | Common | 1 | 30,000,000 |
| Armillaire Technologies, Inc. | Common | 2 | 2,083,333 |
| Armillaire Technologies, Inc. | Common | 3 | 8,750,000 |
| Armillaire Technologies, Inc. | Common | 4 | 230,568 |
| Armillaire Technologies, Inc. | Common | 5 | 90 |
| Armillaire Technologies, Inc. | Common | 27 | 10,000,000 |
| Armillaire Technologies, Inc. | Common | 39 | 10,321,436 |
| Armillaire Technologies, Inc. | Common | 56 | 20,000,000 |
| CrossMedia Networks Corp. | Series C Senior Convertible Preferred | C-1 | 2,500,000 |
| CrossMedia Networks Corp. | Common | 12 | 1,400,000 |
| Linsang Manufacturing, Inc. | Common | 1 | 5,000,000 |
| Linsang Manufacturing, Inc. | Common | 2 | 20,000,000 |

1062196.7

| Issuer | Class of Stock | Stock Certificate No. | No. of Shares |
|---|---|---|---|
| Linsang Manufacturing, Inc. | Common | 8 | 4,604,828 |
| Linsang Manufacturing, Inc. | Common | 9 | 1,570,468 |
| Network Access Solutions Corp. | Series B Preferred | B-5 | 412,500 |
| Pass Technologies, Inc. | Class A Common | A-2 | 1,000,000 |
| Pass Technologies, Inc. | Class A Common | A-3 | 1,000,000 |
| Removable Media Solutions, Inc. | Preferred | P-1 | 1,500,000 |
| Telentente, Inc. | Common | C-4 | 10,000,000 |
| Telentente, Inc. | Common | C-8 | 2,325,581 |
| VTLinx Multimedia Systems, Inc. | Common | 1 | 2,280,000 |
| VTLinx Multimedia Systems, Inc. | Common | 3 | 2,793,296 |
| VTLinx Multimedia Systems, Inc. | Common | 4 | 11,400,000 |
| VTLinx Multimedia Systems, Inc. | Common | 6 | 13,966,480 |
| VTLinx Multimedia Systems, Inc. | Common | 7 | 1,666,667 |
| VTLinx Multimedia Systems, Inc. | Common | 8 | 166,667 |
| VTLinx Multimedia Systems, Inc. | Common | 9 | 625,000 |
| VTLinx Multimedia Systems, Inc. | Common | 10 | 500,000 |
| VTLinx Multimedia Systems, Inc. | Common | 11 | 166,667 |
| VTLinx Multimedia Systems, Inc. | Common | 12 | 8,555,015 |

1062196.7

| Issuer | Class of Stock | Stock Certificate No. | No. of Shares |
|---|---|---|---|
| VTLinx Multimedia Systems, Inc. | Common | 13 | 79,675 |
| VTLinx Multimedia Systems, Inc. | Common | 14 | 166,667 |
| Wavix, Inc. | Class B Senior Convertible Participating Preferred | B-1 | 4,120 |
| Linsang Computing, Inc. | Common | 1 | 8,333,333 |
| Xyterra Computing, Inc. | Common | 2 | 1,333,333 |
| Erevu, Inc.* | Common | 3 | 1,926 |
| Arcomm Holding Company** | Common | C-2 | 65,730,874 |

*Certificates not delivered. In the process of being exchanged for shares of Alladin, certificates for Alladin stock will be delivered upon receipt.

**Certificate not delivered. In the process of being issued, will be delivered upon receipt.

- 4 -

**Pledged Notes:**

| Issuer | Payee | Principal Amount |
|---|---|---|
| Armillaire Technologies, Inc. | Linsang Partners, LLC | $5,000,000.00 |
| Armillaire Technologies, Inc. | Linsang Partners, LLC | $2,000,000.00 |
| Armillaire Technologies, Inc. | Linsang Partners, LLC | $2,000,000.00 |
| Armillaire Technologies, Inc. | Linsang Partners, LLC | $1,000,000.00 |
| Armillaire Technologies, Inc. | Linsang Partners, LLC | $800,000.00 |
| Removable Media Solutions, Inc. | Linsang Partners, LLC | $500,000.00 |
| Xyterra Computing, Inc. | Linsang Partners, LLC | $500,000.00 |
| Xyterra Computing, Inc. | Linsang Partners, LLC | $100,000.00 |
| Xyterra Computing, Inc. | Linsang Partners, LLC | $20,000.00 |
| Invicta Networks, Inc. | Kwok Li | $1,000,000.00 |