UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WXIII / FAR YALE GEN-PAR, LLC, as General Partner of WXIII / FAR YALE REAL ESTATE LIMITED PARTNERSHIP,<br>    Plaintiff,<br><br>vs.<br><br>LINSANG PARTNERS, LLC,<br>    Defendant,<br>and<br>LMIC, Inc. and LMIC MANUFACTURING, Inc.,<br>    Reach and Apply Defendants. | Docket No. 04-CV10372 RCL |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL

The Defendant, Linsang Partners, LLC ("Linsang") submits its answer, affirmative defenses, and demand for jury trial to Plaintiff's first amended complaint and states as follows:

1. Linsang is without sufficient information necessary either to admit or to deny the allegations contained in paragraph 1 and, therefore, denies same.

2. Admitted.

3. Admitted.

4. Admitted.

5. Linsang admits that Yale receives a judgment against Linsang from the United States District Court for the District of Massachusetts, Civil Action Number 02-10323 RCL, which judgment speaks for itself.

6. Linsang admits that Yale has demanded payment of the judgment from Linsang and that Linsang has been unable to make payment on said judgment. Linsang denies the remaining allegations, characterizations, and conclusions contained in paragraph 6.

7. Linsang admits the that judgment remains unsatisfied. Linsang denies the remaining allegations, characterizations, and conclusions contained in paragraph 7.

8. Linsang lacks sufficient information necessary either to admit or to deny the allegations contained in paragraph 8, and, therefore, denies same.

9. Linsang admits that it is a shareholder in LMIC and Linsang Manufacturing, Inc. Linsang admits to ownership interests as set forth in Exhibits B and C, which documents speak for themselves. Linsang lacks sufficient information necessary either to admit or to deny the remaining allegations contained in paragraph 9, and, therefore, denies same.

10. Paragraph 10 contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Linsang denies the allegations, characterizations, and conclusions contained in paragraph 10.

11. Linsang repeats its responses to paragraphs 1 through 10 herein as if set forth in full.

12. Linsang admits that Yale has obtained a judgment and that the judgment remains unsatisfied. To the extent a further response is necessary, Linsang denies the allegations, characterizations, and conclusions contained in paragraph 12.

13. Linsang repeats its responses to paragraphs 1 through 12 herein as if set forth in full.

14. Paragraph 14 contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Linsang denies the allegations, characterizations, and conclusions contained in paragraph 14.

15. Paragraph 15 contains conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Linsang denies the allegations, characterizations, and conclusions contained in paragraph 15.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each Count in the Complaint must be dismissed because each fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Each Count in the Complaint must be dismissed because each is barred under the doctrine of unclean hands.

### Third Affirmative Defense

Each Count in the Complaint must be dismissed because each is barred under the doctrine of estoppel.

### Fourth Affirmative Defense

Each Count in the Complaint must be dismissed because Plaintiff has previously released all claims against Defendant.

### Fifth Affirmative Defense

Each Count in the Complaint must be dismissed because each is barred under the doctrine of laches.

### Sixth Affirmative Defense

Each Count in the Complaint must be dismissed because each is barred by the doctrine of waiver.

### Seventh Affirmative Defense

Each Count in the Complaint must be dismissed because Defendant has, at all times, fulfilled its obligations under its lease with the Plaintiff.

### Eighth Affirmative Defense

Each Count in the Complaint must be dismissed because Plaintiff has been and continues to be in breach of its obligations under its lease with the Defendant.

### Ninth Affirmative Defense

Plaintiff may not prevail on its claims against Defendant because, at all times, Defendant acted in good faith and in a commercially reasonable manner.

### Tenth Affirmative Defense

Plaintiff failed to mitigate its damages in the amount of Plaintiff's recovery, if any, should be reduced accordingly.

### Eleventh Affirmative Defense

Each Count in the Complaint must be dismissed because each is barred by the doctrine of accord and satisfaction.

### Twelfth Affirmative Defense

Each Count in the Complaint must be dismissed because Plaintiff failed to join an indispensable party.

### Thirteenth Affirmative Defense

Each Count in the Complaint must be dismissed as to Defendant because another party is responsible for any obligations under the Lease.

WHEREFORE, the Defendant respectfully requests the Court dismiss all claims asserted by Plaintiff in its Complaint and to enter judgment in favor of Defendant on all claims asserted in Plaintiff's Complaint.

### Jury Demand

Defendant hereby demands a trial by jury on all matters so triable.

Respectfully submitted,

**LINSANG PARTNERS, LLC**
By its attorneys,

_____
Joseph L. Demeo, BBO# 561254
David W. Fanikos, BBO# 564303
Demeo & Associates, P.C.
One Lewis Wharf
Boston, Massachusetts 02110
(617) 263-2600

Dated: May 6, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND BY FEDERAL EXPRESS, BY TELECOPIER).

6 May 04                    _____
Date                                  Signature