UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WXIII / FAR YALE GEN-PAR, LLC, as General Partner of WXIII / FAR YALE REAL ESTATE LIMITED PARTNERSHIP, <br> Plaintiff, <br><br> vs. <br><br> LINSANG PARTNERS, LLC, <br> Defendant, <br> and <br> LMIC, Inc. and LMIC MANUFACTURING, Inc. <br> Reach and Apply Defendants. | Docket No. 04-CV10372 RCL |

## REACH AND APPLY DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

The Reach and Apply Defendants, LMIC, Inc. and LMIC Manufacturing, Inc. (the "Reach and Apply Defendants"), hereby submit their memorandum in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and state as follows:

### INTRODUCTION

The Plaintiff has commenced this action against the Reach and Apply Defendants pursuant to its claims against the Defendant Linsang Partners, LLC ("Linsang") to collect on a judgment entered against it by this Court. The Court should dismiss Plaintiff's reach and apply claims against the Reach and Apply Defendants because Plaintiff has made no showing whatsoever that the Reach and Apply Defendants have any contacts whatsoever with Massachusetts, as required by the Massachusetts Long Arm Statute and by the Due

Process Clause of the Constitution. Therefore, the Court should dismiss the Reach and Apply Defendants from this matter.

## FACTUAL BACKGROUND

On or about December 8, 2003, the Court entered a judgment for $2,077,153.19 against Linsang on Plaintiff's breach of contract claims. Shortly after Plaintiff initiated this instant action in Suffolk Superior Court, on or about February 24, 2004, Linsang removed the case to this Court.

The basis for Plaintiff's claims against the Reach and Apply Defendants is that Linsang holds stock in these entities. Nowhere in Plaintiff's complaint, however, does Plaintiff make any allegations that the Reach and Apply Defendants have any contacts whatsoever with Massachusetts.

## ARGUMENT

**I.    The Court does not have personal jurisdiction over the Reach and Apply Defendants Under the Massachusetts Long Arm Statute**

The Massachusetts Long Arm Statute, M.G.L. c. 223A § 3, defines the jurisdiction of the District Court over non-resident defendants in diversity actions. Cadman v. Bond, 603 F. Supp. 1335, 1336 (D. Mass. 1985). The Massachusetts Courts have construed this statutory language to impose a set of constraints on the assertion of *in personam* jurisdiction in addition to the constraints imposed by the Due Process Clause of the United States Constitution. The American Freedom Trained Foundation v. Spurney, 747 F.2d 1069, 1075 (First Cir. 1984). It is well settled that Plaintiff bears the burden to assert facts sufficient to sustain the Court's personal jurisdiction over Defendants. Id.

Since Plaintiff's complaint does not allege that the Reach and Apply Defendants breached any contract or committed any other wrongful act against Plaintiff, personal jurisdiction over the Reach and Apply Defendants can only be premised on M.G.L. c. 223A § 3(a). In order to support the Court's personal jurisdiction over the Reach and Apply Defendants, the Plaintiff must show (i) that the Reach and Apply Defendants were "transacting business" in Massachusetts and (ii) that the cause of action sued upon arises out of the Reach and Apply Defendants' transaction of business in Massachusetts. United Elec., Radio and MACH Workers of Am. v. 163 Pleasant Street Corp., 960 F.2d 1080, 1087 (First Cir. 1982). See Kling v. McTarnahan, 277 Mass. 386, 389 (1931) (ruling court had no jurisdiction over reach and apply defendant with no Massachusetts contacts); Princeton Finance Company, LLC v. Marketeers, Inc., Mass. Sup. Ct., 1999 WL 1318955, 2-3 (1999) (same).

Here, Plaintiff makes no assertions whatsoever that the Reach and Apply Defendants had any contacts with Massachusetts whatsoever, let alone that the Reach and Apply Defendants were transacting business in Massachusetts. Accordingly, Plaintiff has failed to sustain its burden to demonstrate the Court's personal jurisdiction over the Reach and Apply Defendants and the Court should dismiss them from this case.

## II.    The Court's Exercise of Personal Jurisdiction Over the Reach and Apply Defendants Violates the Due Process Clause of the United States Constitution

The Due Process Clause requires that, in order to subject a non-resident defendant to a judgment *in personam*, he have certain minimum contacts with the forum such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-472 (1985).

The First Circuit has established a three-part test for determining specific jurisdiction over defendants. 163 Pleasant Street, 960 F.2d at 1080. First, the claim underlining the litigation must directly arise of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must constitute a purposeful availment of the privilege of conducting activities in a forum state, thereby evoking the benefits and protections of that state's laws in making the defendant's involuntary presence before the state's Courts foreseeable. Third, the exercise of jurisdiction must be reasonable in light of the five "Gestalt" factors identified in Burger King. These factors are (i) the burden on the defendant of appearing in the forum; (ii) the forum state's interest in adjudicating the dispute; (iii) plaintiff's interests in obtaining convenient and effective relief; (iv) the interstate judicial system's interests in obtaining the most efficient resolution of controversy; and (v) the shared interests of the several states in furthering fundamental substantive social policies. Burger King, 471 U.S. at 477. Minimum requirements inherent in the concept of "fair play and substantial justice" may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities. Id. at 477-478.

Plaintiff's claims against the Reach and Apply Defendants do not directly arise out of their contacts with Massachusetts. Indeed, in analyzing a defendant's contacts, the First Circuit has ruled that it "steadfastly reject[s] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seem attenuated and indirect." 163 Pleasant Street, 960 F.2d at 1089. Instead, the defendant's in-state conduct must form an "important, or at least material, element of proof" in the Plaintiff's case. Id.

Here, the Plaintiff makes no assertions whatsoever that the Reach and Apply Defendants have any contacts with Massachusetts. Indeed, the only assertion contained in Plaintiff's Amended Complaint remotely relating to the Reach and Apply Defendants is Plaintiff's assertion that Linsang owns shares of stock in the Reach and Apply Defendants. Such assertions, without any contacts in Massachusetts, fall well short of Plaintiff's burden to show the Court's jurisdiction over the Reach and Apply Defendants. Therefore, the Court should dismiss the Reach and Apply Defendants from this case.

## CONCLUSION

WHEREFORE, the Reach and Apply Defendants request the Court to dismiss Plaintiff's claims against them in this matter.

Respectfully submitted,

LMIC, Inc. and LMIC MANUFACTURING, Inc.
By their attorneys,

Joseph L. Demeo, Esq., BBO# 561254
David W. Fanikos, Esq., BBO# 564303
Demeo & Associates, P.C.
One Lewis Wharf
Boston, Massachusetts 02110
(617) 263-2600

Dated: May 6, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND, BY FEDERAL EXPRESS, BY TELECOPIER).

6 May 04
Date          Signature