FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 JUN -9 P 1:23

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| WXIII/FAR YALE GEN-PAR, LLC, as General Partner of WXIII/FAR YALE REAL ESTATE LIMITED PARTNERSHIP,<br>　　　Plaintiff<br><br>VS.<br><br>LINSANG PARTNERS, LLC.;<br>　　　Defendant<br>and<br>LMIC, INC. and LMIC MANUFACTURING, INC.,<br>　　　Reach and apply Defendants | CA # 04CV10372 RCL |

## PLAINTIFF WXIII/FAR YALE GEN-PAR, LLC'S OPPOSITION TO THE REACH AND APPLY DEFENDANTS' MOTION TO DISMISS

I. **FACTS**

By lease dated July 24, 2000, WXIII Far Yale Real Estate Limited Partnership (herein "Yale"), as lessor, entered into a written lease with Linsang Partners, LLC (herein "Linsang"), as lessee, for certain commercial premises located in a portion of the second floor of the building at 451 D Street/60/84 Fargo Street, Boston, MA, ("the premises"), for an initial term of ten years, and two extension terms of five (5) years each, with a lease commencement date pursuant to Section 2.3 of the Lease (the "Lease").

Plaintiff originally commenced an action against Linsang for the non-payment of rent and other charges in the Suffolk Superior Court, CA No. 02-0544BLS, which was removed by the defendant to the United States District Court for the District of Massachusetts, CA No. 02-10323RCL (herein "the Federal Court"). After the U.S. District Court (Lindsay J.) granted a

1

summary judgment in favor of Yale, a Judgment was entered for Yale in the amount of $2,077,153.19 and execution issued. Since Linsang did not appeal that case, that Judgment became a final and valid Judgment against Linsang for which an execution issued. Notwithstanding due demand upon Linsang, Linsang failed, refused and neglected to satisfy the Judgment and execution, which remains unsatisfied in whole or in part. Yale is the present holder of that Judgment and execution.

Reach and apply defendant LMIC, Inc. came about as the result of a reverse merger between Linsang Manufacturing, Inc. and Linsang Acquisition Corporation on or about July, 2003. Reach and apply defendant LMIC Manufacturing, Inc. is a subsidiary of LMIC, Inc. Both have a principal place of business at the same location as defendant Linsang Partners, at 6435 Virginia Manor Road, Beltsville, Virginia.

On or about January 6, 2004, LMIC filed with the Securities and Exchange Commissioner ("SEC") an SEC Form SB-2 Registration Certificate ("the prospectus") disclosing an intent by several of its shareholders to sell a certain amount of common stock which Linsang owns in LMIC. See a copy of the prospectus submitted with the Affidavits for injunctive relief. After reading said prospectus, which was circulated throughout the United States, including Massachusetts, Plaintiff brought the within action in the Suffolk Superior Court.

According to the prospectus, Linsang owns 49.53% of the common stock of LMIC (5,317,787 shares) of which Linsang will sell 187,546 shares to LMIC or to the public. According to the SEC filing, the proposed maximum offering price per share is $1.50; with LMIC's common stock being quoted on the OTC Bulletin Board on December 31, 2003 at the closing bid price of $2.35 per share. At a F.R.Civ.P. 30(b)(6) deposition of Linsang taken by

Yale on July 26, 2002 in the underlying case, the deponent for Linsang confirmed that Linsang has an interest in LMIC Manufacturing as an "investor."

Yale, as a Judgment creditor, of Linsang, seeks to reach and apply the stock or shares of Linsang in LMIC and Linsang Manufacturing and/or any proceeds derived or to be derived therefrom to satisfy in whole or in part the outstanding Judgment and Execution held by Yale, and the shares of stock owned by Linsang along with the notes receivables, with Linsang being ordered to turn over or otherwise assign over to the plaintiff all of its right, title and interest in the shares of stock and notes receivables to be applied on account of the money owed to the plaintiff for the Judgment.

In its complaint, Yale has alleged, upon information and belief, that the sale of the Linsang stock may be imminent, and that Yale knows of no other assets of Linsang that may be attached or seized to satisfy its Judgment and execution.

Reach and Apply defendants now seeks to be dismissed from the within action asserting that the Court lacks personal jurisdiction over the reach and apply defendants.

## II.   DISCUSSION

### A. Ancillary Jurisdiction

The term "ancillary jurisdiction" traditionally describes the assertion of jurisdiction over claims or parties over whom the federal court lacked independent subject matter jurisdiction, but that arose out of the same conduct, transaction or occurrence as the plaintiff's original claim, to which federal subject matter jurisdiction extends." 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 106.03 (2004). The basis of the doctrine of ancillary jurisdiction is the practical need to protect legal rights or effectively resolve an entire logically entwined lawsuit.

3

*Peacock v. Thomas*, 516 U.S. 349, 356 (1996). The use of ancillary jurisdiction has been used over third parties to assist in the protection and enforcement of federal judgments. *Id.*

The Court in the within matter has ancillary jurisdiction over reach and apply defendants LMIC, Inc. and LMIC Manufacturing, Inc. to protect the legal rights of the plaintiff Yale and effectively resolve the within action. *See id.* The plaintiff's claim over reach and apply defendants arises out of the same conduct, transaction and occurrence as the plaintiff's claim against defendant Linsang, being the collection of an outstanding Judgment and Execution. *See* 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 106.03 (2004). Further, the plaintiff's claim against reach and apply defendants to ultimately to reach and apply the defendant's stock and/or proceeds derived from the sale of that stock, if successful, ultimately will not impose any obligation on reach and apply defendants other than to hold onto and turn over to the plaintiff that which does not belong to reach and apply defendants. *See Peacock v. Thomas*, 516 U.S. 349, 356 (1996). The Court can use ancillary jurisdiction over reach and apply defendants to assist in the protection and enforcement of the federal judgment which the plaintiff now seeks to enforce. *See id.*

B. Personal Jurisdiction

A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth..." M.G.L.c. 223A §3 (2004). To determine the existence of personal jurisdiction in analyzing minimum contacts, the Court applies the following tripartite test: (1) the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities, (2) the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and

protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable, and (3) the exercise of jurisdiction must, in light of five specified criteria for evaluating the fairness of subjecting a nonresident to the authority of a foreign tribunal (collectively dubbed the "Gestalt factors"), be reasonable. *United Electrical Radio and Machine Workers v. 163 Pleasant Street Corporation, et al.*, 987 F.2d 39 (1st Cir., 1993).[1] A long arm statute is broadly construed. *Kleinerman v. Morse*, 26 Mass. App. Ct. 819, 824 (1989).

Under Federal Law, the Due Process Clause requires certain minimum contacts in order for a non-resident defendant to be subject to the personal jurisdiction of a Court. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Whether due process is satisfied depends upon the quality and nature of the activity in relation to the fair and orderly administration of the laws. *Id.*

Reach and apply defendants have transacted business in the Commonwealth sufficient to subject them to the personal jurisdiction of this Honorable Court, and surely such purposeful contact with the Commonwealth is the exact reasoning behind the plaintiff bringing in said reach and apply defendants. *See id.* Advertising via the Internet is solicitation of a sufficient repetitive nature to allow jurisdiction. *Inset Systems, Inc. v. Instruction Set, Inc.*, 937 F.Supp. 161 (D.Conn. 1996); *Heroes, Inc. v. Heroes Foundation*, 958 F.Supp. 1 (D.D.C. 1996). The filing of the SEC prospectus and circulating the same within the Commonwealth via the internet creates sufficient contacts with the forum state to subject reach and apply defendants to the personal jurisdiction of this Court. *See id.* Certainly, the reach and apply defendants have been brought into the within matter due to their contact with the forum state, their SEC filing to sell the stock which plaintiff now seeks to reach and apply. *See United Electrical Radio and Machine Workers*

---

[1] It is important to note the same case cited by the Reach and Apply Defendants as 960 F.2d 1080 in their

*v. 163 Pleasant Street Corporation, et al.*, 987 F.2d 39 (1st Cir. 1993). Further, the SEC prospectus filing was a purposeful act by reach and apply defendants and, therefore, was a purposeful availment of the privilege of conducting activities in the Commonwealth, thereby invoking the benefits and protections of the Commonwealth's laws. *See id.* Moreover, in light of the Gestalt factors, as addressed below, it is fair and reasonable to subject the reach and apply defendants to this matter and the personal jurisdiction of this Court. *See id.*

On or about July, 24, 2000 Linsang executed a commercial Lease for a term of ten (10) years with the plaintiff. On or about July 17, 2003 LMIC, Inc. was the result of a reverse merger, meaning that stock in LMIC, Inc. could not have been sold or at least outstanding until July, 2003 at which time Linsang was a tenant under plaintiff's commercial Lease. Being a Massachusetts tenant, Linsang was subject to the laws of the Commonwealth at the time it became a shareholder in the stock of the reach and apply defendants. Presumably, this could show that Linsang transacted the purchase of stock from both reach and apply defendants while being subject to the laws of the Commonwealth.

In assessing reasonableness of personal jurisdiction based on minimum contact with the forum state, Courts have focused on five gestalt factors (1) the defendant's burden in appearing in the court; (2) the forum state's interest in hearing the suit; (3) the plaintiff's convenience and interest in effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interest of all interested states in promoting substantive social policies." *Hasbro, Inc. v. Clue Computing, Inc.*, 994 F. Supp. 34, 45 (D.Mass. 1997).

---

Memorandum on page 3 was reversed and remanded by the subsequent matter as cited above.

Addressing the five gestalt factors, plaintiff states that the reach and apply defendants are not only subject to the jurisdiction of this Court due to their minimum contacts with the Commonwealth, but further states that it meets all five factors as stated above. *See id.* The within matter and the necessity to appear in Court would not burden the reach and apply defendants. *See id.* Kwok Li (herein "Mr. Li"), founder of the defendant Linsang happens to also be the chairman of reach and apply defendant LMIC, Inc, which is also located at the same address as defendant Linsang. Reach and apply defendant LMIC Manufacturing, Inc., according to the SEC prospectus is simply a subsidiary of reach and apply defendant LMIC, Inc, which subsidiary accounts for 100% of reach and apply defendant LMIC, Inc.'s revenues. Certainly it cannot be found burdensome for Mr. Li to appear on behalf of all three defendants, since Mr. Li will presumably be appearing on behalf of the defendant Linsang anyway. And said presence of the reach and apply defendants would not be necessary unless there is a Judgment in favor of the plaintiff, further proving that to reach and apply said defendants would not be a burden to the same.

The plaintiff also has the convenience and interest in effective relief in a matter that has been ongoing and outstanding since 2002 against Linsang. See *Hasbro, Inc. v. Clue Computing, Inc.*, 994 F. Supp. 34, 45 (D.Mass. 1997). Since the Judgment and Execution against Linsang in December of 2003, Linsang has stifled the plaintiff's attempts to collect the amounts due and owing the plaintiff from defendant Linsang. Since plaintiff knows of no other assets that it may reach to apply to the Judgment already received by the plaintiff, reaching and applying the stock or shares of Linsang in LMIC and Linsang Manufacturing and/or any proceeds derived or to be derived therefrom to satisfy in whole or in part the outstanding Judgment and Execution held by Yale is an effective solution of the within matter in order to allow plaintiff to protect its interest

7

in the outstanding Judgment and Execution, since the defendant Linsang has not been forthcoming in satisfying the same. To dismiss the reach and apply defendants would leave the plaintiff with a further outstanding and unsatisfied Judgment and Execution in its favor. The plaintiff submits that this is also the judicial system's most effective resolution of the within controversy. *See id.* Reaching and Applying LMIC, Inc. and LMIC Manufacturing Inc. is an efficient, non-burdensome way to resolve the plaintiff's outstanding Judgment and Execution and prevent Mr. Li from playing fast and loose with three companies in which he has his hand.

### III. CONCLUSION

For the reasons stated above, the plaintiff respectfully requests this Honorable Court DENY the Reach and Apply Defendants Motion to Dismiss.

June 9, 2004

By its attorneys,

Alvin S. Nathanson
BBO # 367480
Courtney E. Mayo
BBO # 657790
Nathanson & Goldberg, P.C.
Two Oliver Street
Boston, MA 02109
(617) 210-4800