UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10372-RCL

WXIII/FAR YALE GEN-PAR, LLC,

Plaintiff

V.

LINSANG PARTNERS, LLC

V.

Defendant,

and

LMIC, INC. and LMIC MANUFACTURING, INC.,

Reach and Apply Defendants

**REPORT AND RECOMMENDATION ON
REACH AND APPLY DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)
(Docket # 14)**

ALEXANDER, M.J.

The plaintiff in this case, WXIII/Far Yale Gen-Par, LLC ("Yale"), seeks to collect a judgment entered against the defendant Linsang Partners, LLC ("Linsang"). As part of that effort, Yale seeks stock owned by Linsang in reach and apply defendants LMIC, Inc., and LMIC Manufacturing, Inc. (collectively,

"LMIC"). LMIC has filed a motion to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(2), asserting that this Court lacks *in personam* jurisdiction over LMIC.[1] The matter is before this Court pursuant to an Order of Reference requesting a Report and Recommendation on the motion dismiss. The Court held a hearing on the motion on November 4, 2004. After careful consideration of the parties' asseverations, both oral and written, and for the reasons set forth more fully below, the Court RECOMMENDS that LMIC's motion to dismiss be ALLOWED.

**RELEVANT BACKGROUND**

The papers filed by the parties in conjunction with the motion to dismiss are not a model of clarity, but the facts relevant to the motion appear as follows. In December 2003, Yale recovered a judgment against Linsang for approximately $ 2,000,000, related to Linsang's breach of a lease for property located in Boston, Massachusetts. Yale's efforts to execute that judgment have so far proved fruitless. During the course of the litigation against Linsang, Yale learned that Linsang owned shares of stock in LMIC.[2] Yale subsequently learned, in January

---

[1] Defendant Linsang is not involved in the motion to dismiss and has not contested this Court's personal jurisdiction over it.

[2] A company named Linsang Manufacturing also appears to have existed, but at some point became a wholly owned subsidiary of reach and apply defendant LMIC Manufacturing, Inc., which, in turn, appears to be a subsidiary of reach and apply defendant LMIC, Inc.

2004, that Linsang intended to sell some of those shares. Not wanting any of Linsang's assets to evaporate before Yale had collected its due, Yale filed suit against Linsang and against LMIC, as a reach and apply defendant.

Yale learned of Linsang's intention to sell LMIC stock when LMIC filed a Form SB-2 Registration Certificate (the "prospectus") with the Securities and Exchange Commission (SEC) disclosing Linsang's plan. The prospectus, required to be filed by the SEC, was thereafter available on the SEC's website. Additionally, both LMIC and Linsang maintain internet websites, and, according to Yale's complaint, the two companies maintain their respective principal places of business at the same address in Maryland.

## ANALYSIS

### The Law of Personal Jurisdiction

This Court may only exercise jurisdiction over a foreign defendant "if such jurisdiction is authorized by the state long-arm statue, and its exercise does not offend the Due Process Clause of the Fourteenth Amendment." Champion Exposition Servs., Inc. v. Hi-Tech Elec., LLC, 273 F. Supp. 2d 172, 175 (D. Mass. 2003). Massachusetts' "long-arm" statute, in turn, states, in pertinent part, that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a)

transacting any business in this commonwealth . . . ." Mass. Gen. Laws. ch. 223A, § 3(a).[3]

The standard in this Circuit for determining whether personal jurisdiction exists over a defendant pursuant to the long-arm statute is familiar:

> A plaintiff confronted with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) bears the burden of persuading the court that jurisdiction exists. In a diversity case, personal jurisdiction over a nonresident defendant is constrained both by the long-arm statute of the forum state and the Due Process Clause of the Fourteenth Amendment. Compliance with the federal constitutional standard involves a somewhat more extensive showing than compliance with the Massachusetts long-arm statute. Where . . . the assertion of personal jurisdiction would offend due process, there is no need to address whether the exercise of jurisdiction would be appropriate under the Massachusetts long-arm statute.
>
> The Due Process Clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant only when the defendant has sufficient minimum contacts with the forum. In analyzing minimum contacts, courts have recognized that jurisdiction can be either specific or general. Specific jurisdiction exists where there is a demonstrable nexus between the plaintiff's claims and a defendant's forum based activities, such as when the litigation itself is founded directly on those activities. General jurisdiction

---

[3] The other provisions of the long-arm statute that provide other bases for exercising personal jurisdiction are not applicable to the circumstances of this case.

> exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity unrelated to the suit, in the forum state.

Callahan v. Harvest Bd. Int'l, Inc., 138 F. Supp. 2d 147, 157-58 (D. Mass. 2001) (citations and internal quotations omitted).

Section 3(a) of the long-arm statute is, pursuant to Massachusetts law, to be interpreted as broadly as the federal constitution permits, Tatro v. Manor Care, Inc., 416 Mass. 763, 771 (1994), but is directed toward only the purposeful, deliberate, and successful solicitation of business from Massachusetts residents. Lyle Richards Int'l, Ltd. v. Ashworth, Inc., 132 F.3d 111, 112 (1st Cir. 1997). To satisfy reliance on § 3(a), the plaintiff must demonstrate both that the defendant transacted business in the Commonwealth and that the claim presented arises from such a transaction. Merced, 170 F. Supp. 2d at 71, citing Tatro, 416 Mass. at 767 and Raleigh Rug Co. v. R. A. Civitello Co., 23 Mass. App. Ct. 1025, 505 N.E.2d 553, 554 (1987).

A court will generally first satisfy itself that the predicate for applying § 3(a) is present before then turning to the Due Process Clause analysis and a determination of whether the defendant had the requisite "minimum contacts" with the forum. Because, however, "it is apodictic that a jurisdiction-seeking plaintiff

must satisfy the demands of not only state law but also the federal Constitution," a court may choose to "bypass the statutory phase of the jurisdictional inquiry" where a case "cannot pass constitutional muster." Ticketmaster-New York v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994) (internal citation omitted). Either way, the Court must be satisfied, as part of its due process analysis, that the defendant had the requisite "minimum contacts" with the forum. That calculation entails three factors: 1) whether the plaintiff's claims relate to the defendant's contacts; 2) whether the defendant's contacts represent a purposeful availment of the privilege of conducting activities in the Commonwealth; and 3) whether the exercise of jurisdiction over the defendant is reasonable in light of the "gestalt" factors. Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc., 56 F. Supp. 2d 134, 138 (D. Mass. 1999) (citations omitted).

    The gestalt factors in this Circuit, in turn, include the burden on the defendant if forced to appear in the forum, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining efficient resolution of the complaint, and the common interests of all sovereigns in promoting substantive social policies. Id. at 140 (citations omitted). With this blueprint of the law, and mindful that "[d]ivining personal jurisdiction is more an art than a science," Ticketmaster, 26

6

F.3d at 206, the Court now turns to the parties' positions regarding personal jurisdiction.

**Exercise of personal jurisdiction over LMIC**

Yale bears the burden of establishing the appropriateness of personal jurisdiction over LMIC.  See, e.g., Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F. 3d 138, 145 (1st Cir. 1995).  Although Yale acknowledges the existence of the state long-arm statute, Yale glosses over the statute's requirements and leaps instead to its argument that requiring LMIC to litigate this case in Massachusetts comports with due process.  Because Yale has failed to establish that the assertion of personal jurisdiction would, in fact, comport with due process, the Court will likewise by-pass the statutory analysis.  See Ticketmaster, 26 F.3d at 206.

The Court's determination as to whether it may exercise jurisdiction over LMIC turns, in this case, primarily on LMIC's use of the internet.  Yale avers that LMIC's maintaining a website that solicits business creates the necessary minimum contacts that the law requires.[4]

---

[4] Yale's argument related to LMIC's website was not specifically raised in its written opposition to LMIC's motion and was only raised at oral argument, as LMIC noted at that time. The Court does consider the argument, but it proves, ultimately, unavailing.

Some courts have held that "the existence of a [website] alone is enough to allow for exercise of personal jurisdiction." Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 41 (D. Mass. 1997) (citing cases). In this District, however, cases where the courts have conferred jurisdiction "seem to rely upon facts other than the Web site in making their determination." Hasbro, 994 F. Supp. at 40. Generally, some type of "additional activity" is required to avail a defendant of a forum state's laws. Id. See also, e.g., Comer v. Comer, 295 F. Supp. 2d 201, 209 (D. Mass. 2003) ("Neither the United States Supreme Court nor, it appears, any court within this circuit has held that a mere internet presence, without more, establishes personal jurisdiction."); Venture Tape Corp. v. McGills Glass Warehouse, 292 F. Supp. 2d 230, 233 (D. Mass. 2003) (defendant's misuse of trademark belonging to Massachusetts' company provided the requisite "something more," in addition to the defendant's website, to constitute minimum contact for purposes of personal jurisdiction).

Yale has provided no facts, nor made any compelling argument, that LMIC did "something more" than maintain a website. That the website allows, for example, an individual interested in receiving additional information about LMIC, including information regarding investing in LMIC, to send a request for information via the website is insufficient. See Comer, 295 F. Supp. 2d at 209 and

8

cases cited. Yale's assertion that the availability of the SEC prospectus, through which Yale learned of Linsang's plan to sell LMIC stock, on the SEC website creates sufficient contact with the Commonwealth is also unconvincing. Nor is the Court convinced that by filing the SEC prospectus, LMIC purposely availed itself of the privilege of conducting business in Massachusetts. LMIC is required by the SEC to file the prospectus in question. That prospectus, in turn, becomes available on the SEC website. To the extent that information about LMIC is available nationwide via the SEC website, it is so by virtue of SEC regulations. The availability of information about LMIC in such a passive format on the SEC website does not provide the "something more" that would establish this Court's jurisdiction over LMIC.

Furthermore, the case law that Yale cites in support of its argument that LMIC's internet activities support jurisdiction is unpersuasive. In particular, Yale's reliance on Inset Sys., Inc. v. Instruction Set, Inc., 937 F. Supp. 161, (D. Conn. 1996), does not aid Yale's cause. Although Inset concluded that "advertising via the Internet is solicitation of sufficient repetitive nature" to allow jurisdiction, the law in this District, as the Court previously explicated, does not provide the Court with jurisdiction over a non-resident defendant simply on the basis of internet advertising.

9

The Court's analysis need go no further. Having determined that LMIC's activities do not constitute purposeful availment of Massachusetts's laws, the Court need not work its way through the remaining portions of the three-part test that must also be satisfied to establish the Court's jurisdiction over LMIC.

CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that the District Court ALLOW LMIC's motion to dismiss.

SO ORDERED.

| | |
|---|---|
| 2/16/05 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |