UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 21  P 4: 35

US DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| WXIII / FAR YALE GEN-PAR, LLC, as General Partner of WXIII / FAR YALE REAL ESTATE LIMITED PARTNERSHIP, Plaintiff, | ) ) ) ) ) ) ) | |
| vs. | ) ) | Docket No. 04-CV10372 RCL |
| LINSANG PARTNERS, LLC, Defendant, and LMIC, Inc. and LMIC MANUFACTURING, Inc., Reach and Apply Defendants. | ) ) ) ) ) ) ) | |

**REACH AND APPLY DEFENDANTS' RESPONSE TO PLAINTIFF'S
OBJECTION TO THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE ON REACH AND APPLY DEFENDANTS'
<u>MOTION TO DISMISS</u>**

The Reach and Apply Defendants, LMIC, Inc. and LMIC Manufacturing, Inc.

(collectively, the "LMIC Defendants"), submit their response to Plaintiff's objection to the report

and recommendation of the Magistrate Judge to allow the LMIC Defendants' motion to dismiss

Plaintiff's reach and apply claims against them. As their response, the LMIC Defendants request

the Court to adopt the Magistrate's recommendation to allow their motion to dismiss Plaintiff's

claims against them in this matter on grounds that, as a matter of law, the LMIC Defendants are

not subject to this Court's personal jurisdiction concerning Plaintiff's claims in this matter.

As further support for this response, the LMIC Defendants incorporate their motion to dismiss and memorandum in support of their motion to dismiss herein as if set forth in full and further state as follows:

1.     As set forth in the LMIC Defendants' memorandum in support of their motion to dismiss Plaintiff's reach and apply claims, Plaintiff failed to assert any basis for the Court's exercise of personal jurisdiction over them in this case.

2.     During the Magistrate's hearing on the LMIC Defendants' Motion to Dismiss, Plaintiff asserted a new argument that the Court could exercise personal jurisdiction over the LMIC Defendants in this matter based on their website.

3.     As argued before the Magistrate, it is well settled by the Massachusetts Federal Court case law that the LMIC Defendants' website is not sufficient to create the basis for the Court's exercise of personal jurisdiction over LMIC in this case.  For example, in Venture Tape Corp. v. McGill's Glass Warehouse, 292 F. Supp. 2d 230 (D.C. Mass. 2003) (Lasker, J.), Judge Lasker ruled that maintenance of an interactive website alone was insufficient to establish personal jurisdiction over a foreign party.  See also ScanSoft, Inc. v. American Future Tech, Inc., et al., C.A. No. 02-12455-MLW (Wolf, J.) (D. C. Mass. 2003) (Judge Wolf ruled that Defendants' mere maintenance of a website by which one could possibly transact business from Massachusetts failed to establish the Court's personal jurisdiction over that Defendant).

4.     Likewise, the LMIC Defendants' maintenance of their website cannot create sufficient contacts with Massachusetts to subject them to the Court's personal jurisdiction in this case. The LMIC Defendants' website simply conveys information to those perusing the net and nothing more. As such, it falls well below the statutory and case law requirements for the establishment of minimal contacts for personal jurisdiction.

2

WHEREFORE, the LMIC Defendants request the Court to adopt the Magistrate's recommendation to allow their Motion to Dismiss Plaintiff's reach and apply claims against them and to dismiss Plaintiff's reach and apply claims in this case.

Respectfully submitted,

LMIC, INC. and LMIC MANUFACTURING, INC.
By their attorneys,

Joseph L. Demeo, BBO# 561254
David W. Fanikos, BBO# 564303
Demeo & Associates, P.C.
One Lewis Wharf
Boston, Massachusetts 02110
(617) 263-2600

Dated: March 21, 2005

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON (EACH PARTY APPEARING PRO SE AND) THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND BY FEDERAL EXPRESS BY TELECOPIER)

Date _____ Signature _____