UNITED S TATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFFEY 451 LLC.<br>    Plaintiff<br><br>VS.<br><br>LINSANG PARTNERS, LLC.;<br>    Defendant<br>and<br>LMIC, INC. and LMIC<br>MANUFACTURING, INC.,<br>    Reach and apply Defendants | CA NO.04-CV10372 RCL |

## MEMORANDUM IN SUPPORT OF PLAINTIFF LIFFEY 451 LLC'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT LINSANG PARTNERS, LLC

In support of its Motion for Summary Judgment as to Defendant Linsang Partners, LLC, Liffey 451 LLC submits the following:

**I.   FACTS**

On or about December 8, 2003, WXIII/FAR Yale Gen-Par LLC (herein "Yale") recovered a Judgment against Linsang Partners, LLC (herein "Linsang") in the amount of $2,077,153.19 from the United States District Court for the District of Massachusetts, CA No. 02-10323RCL (the "Federal Court"), which was a case originally commenced in the Suffolk Superior Court, CA No. 02-0544BLS, and thereafter removed by the defendant to the Federal Court. That case involved a claim by Yale against Linsang for damages for breach of lease for unpaid rent, additional charges, and other damages under a Lease executed by Linsang for premises located in Boston, MA. Yale recovered that Judgment in the Federal Court after the allowance by the Federal Court of Yale's Motion For Summary Judgment and an assessment of

1

|  |  |
|---|---|
| | By its attorney, |
| April 5, 2005 | *[signature]*<br>Alvin S. Nathanson<br>BBO # 367480<br>Courtney E. Mayo<br>BBO # 657790<br>Nathanson & Goldberg, P.C.<br>Two Oliver Street<br>Boston, MA 02109<br>(617) 210-4800 |

7

damages. Since Linsang did not appeal that case, that Judgment became a final and valid Judgment against Linsang and an Execution issued thereafter..

Yale has made demand upon Linsang for the payment of the aforementioned Judgment and Execution, which Linsang failed, refused, and neglected to pay in whole or in part. Notwithstanding the foregoing, the Judgment and Execution remain unsatisfied, in whole or in part, and remain outstanding with Yale's assignee Liffey 451 LLC being the holder of the Judgment and Execution.

On or about April 15, 2004, Yale conveyed the Fargo Building by a deed in lieu of foreclosure to Liffey 451 LLC (herein "Liffey"), an affiliate of Hypo Real Estate Capital Corporation, the then holder of the mortgage on the Fargo Building. In connection with such conveyance, on April 15, 2004, Yale executed and delivered to Liffey an Assignment and Assumption of Leases, which included the subject Judgment. Liffey is now the interest to said Judgment.

Liffey seeks to seize and reach and apply the stock owned by Linsang in LMIC and an interest in Linsang Manufacturing and the other shares of stock owned by Linsang along with the notes receivables as hereinafter set forth.

On or about January 6, 2004, LMIC filed with the Securities and Exchange Commission ("SEC") a Form SB-2 Registration Certificate in which LMIC disclosed in that prospectus an intent by several of its shareholders, including Linsang, to offer to sell a certain amount of common stock which they own in LMIC. According to the prospectus, Linsang owned 49.53% of the common stock of LMIC (5,317,787 shares) of which Linsang intended to sell 187,546 shares to LMIC or to the public. According to the SEC filing, the proposed maximum offering

c.  <u>Linsang's Shares of Stock</u>

It is settled that under Massachusetts' law a creditor is entitled to reach and apply stock of the defendant in another entity. *General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc.*, 188 F.Supp.2d 73 (D. Mass. 2002). *See also Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54 (1st Cir. 2001) - Under Massachusetts law, a creditor may reach and apply a debtor's interest in intangible property or stock that cannot be executed against in an action at law. M.G.L.c. 214, § 3 (6) and (7).

Liffey is entitled to reach and apply Linsang's shares of stock in Linsang Manufacturing and LMIC and the other notes and shares of stock. *See General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke*, Inc., 188 F.Supp.2d 73 (D. Mass. 2002). Mr. Li admits that Linsang is the holder of over five million shares of stock of LMIC, which is confirmed by the SEC filing of LMIC on or about February 15, 2005, and reaffirmed in the latest filing with the SEC on or about February 15, 2005.. (See Affidavit of Nathanson). Further, the valid and enforceable Judgment Liffey holds against the defendant remains unsatisfied. As a holder of a valid and outstanding Judgment, Liffey may reach and apply Linsang's interest in its shares of stock as a means of satisfying said Judgment, since said Judgment and Execution continue to remain outstanding and unsatisfied. *See Tilcon Capaldi, Inc. v. Feldman*, 249 F.3d 54 (1st Cir. 2001).

## III. CONCLUSION

For the reasons stated above, plaintiff request this Honorable Court GRANT its Motion for Summary Judgment and further Order the defendant Linsang Partners, LLC to assign or transfer to the plaintiff all of its right, title and interest in its shares of stock in LMIC on account of the outstanding Judgment and Execution issued against Linsang Partners, LLC.

price per share is $1.50; with LMIC's common stock being quoted on the OTC Bulletin Board on December 31, 2003 at the closing bid price of $2.35 per share.

At a F.R.Civ.P. 30(b)(6) deposition of Linsang Partners, LLC, the designee of Linsang Partners, LLC was Kwok-Li taken by Yale on April 7, 2004, the deponent testified that the Linsang has an interest in certain shares of stock, including stock in LMIC, and pledged notes. (p. 18-19). Further, Kwok Li (herein "Li") informed plaintiff that Linsang Manufacturing, Inc is a wholly owned subsidiary of LMIC Manufacturing, Inc. which thereafter changed its name to LMIC, and that LMIC is also the parent company of Linsang Partners. (p. 20). At all times material hereto, Li was the founder and the chairman of LMIC along with the chairman and managing partner of Linsang.

Mr. Li disclosed in his deposition that the current value of the LMIC stock held by Linsang is approximately $2.00 per share, with Linsang holding over 5 million shares at a value of over $10 million. (p. 27).

As a result of documents furnished to the plaintiff pursuant to a document request in a F.R.Civ.P. 69 deposition in the underlying suit, plaintiff learned of other shares of stock owned by Linsang, which list of shares is attached hereto as Exhibit "B" and notes receivables owed to Linsang,, which list of notes is attached hereto as Exhibit "C."

In its latest SEC filing on February 15, 2005, LMIC indicated that Linsang Partners, LLC was the owner of 5,317,788 shares or 28.7% of the common stock of LMIC, As of April 4, 2005, the price of the LMIC stock was $0.29 per share.

Liffey, as a Judgment creditor, of Linsang, seeks to reach and apply the stock or shares of Linsang in LMIC and Linsang Manufacturing and/or any proceeds derived or to be derived therefrom to satisfy in whole or in part the outstanding Judgment and Execution held by Liffey,

a. <u>Liffey's Right to Enforce Judgment</u>

Liffey is a holder of a valid and final Judgment and Execution issued by this Court after the granting of a summary judgment against the defendant Linsang Partners, LLC . Liffey, who were assigned the Judgment and Execution, has the right to enforce the Judgment as the holder of the Judgment and Execution. It is undisputed that the Judgment and Execution are unsatisfied and remains outstanding.

b. <u>Judgment</u>

It is long settled that a domestic Judgment rendered by a court of common-law jurisdiction is valid between parties until reversed. *Joyce v. Thompson*, 229 Mass. 106, 107 (1918). A Judgment, whether right or wrong, is immaterial, having become final cannot be impeached or set aside in a collateral proceeding. *Id.* at 118. A Judgment remains binding as long as it stands. *McKay v. Polep*, 311 Mass. 567, 570 (1942). A Judgment on its face is an unconditional adjudication of petitioner's right to recover a sum of money due and owing which, by the law of the state, is a debt. *Barber v. Barber*, 323 U.S. 77, 86 (1944). A Judgment's own terms constitute a determination by the rendering Court as to what it is, and an enforcing Court may not search the laws of the state to see whether the judgment terms are erroneous. Id. at 88.

The Judgment between the parties entered by this Court is a final and valid Judgment. *See Joyce v. Thompson*, 229 Mass. 106, 107 (1918). Linsang did not appeal the subject Judgment, and it became a final Judgment that cannot be impeached or set aside. *See id.* at 118. Thus, the Judgment held by Liffey is an unconditional adjudication of Liffey's right to recover the monetary Judgment amount. *See Barber v. Barber*, 323 U.S. 77, 86 (1944). Since the Judgment is valid and cannot be set aside, the only matter before the Court is the satisfaction of said Judgment. *See Joyce v. Thompson*, 229 Mass. 106, 107 (1918).

and the shares of stock owned by Linsang along with the notes receivables, with Linsang being ordered to turn over or otherwise assign over to the plaintiff all of its right, title and interest in the shares of stock and notes receivables to be applied on account of the money owed to the plaintiff for the Judgment.

On or about March 10, 2004, as a result of the Yale's Motion for a Temporary Restraining Order restraining the sale of the subject stock, the Honorable Judge Lindsay ordered a Temporary Restraining Order in the within matter to restrain Linsang from selling any of its shares of stock for approximately ten days, which Order was extended up to March 31, 2004 by agreement of the parties. The Temporary Restraining Order was then allowed to expire by the parties during their efforts to settle the within matter. The settlement discussions have since fallen through, and Liffey now seeks a summary judgment in its favor to enforce the subject Judgment by ordering Linsang to assign or transfer the subject shares of stock in order to satisfy said Judgment.

## II.  DISCUSSION

This matter is particularly well suited for summary judgment. Plaintiff is the holder of a valid and enforceable Judgment issued by this Court against the defendant Linsang Partners, LLC, which Judgment remains outstanding and unsatisfied. Since there is no material fact in dispute in the within matter, and simply a question of how and when said Judgment is going to be satisfied, this case is ripe for summary judgment. Summary judgment must be granted in plaintiff's favor because there are no genuine issues of material fact on any issue raised and therefore, Liffey is entitled to judgment as a matter of law. *See* F.R.Civ.P. 56(c).