UNITED S TATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFFEY 451 LLC.<br>Plaintiff | )<br>)<br>) |
| | ) |
| VS. | )  CA NO.04-CV10372 RCL |
| | ) |
| LINSANG PARTNERS, LLC.;<br>Defendant<br>and<br>LMIC, INC. and LMIC<br>MANUFACTURING, INC.,<br>Reach and apply Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S STATEMENT UNDER LOCAL RULE 56.1 OF MATERIAL FACTS FOR SUMMARY JUDGMENT AS TO DEFENDANT LINSANG PARTNERS, LLC.

1.      On or about December 8, 2003, WXIII/FAR Yale Gen-Par LLC (herein "Yale") recovered a Judgment against Linsang Partners, LLC (herein "Linsang") in the amount of $2,077,153.19 from the United States District Court for the District of Massachusetts, CA No. 02-10323RCL (the "Federal Court"), after the granting of a summary judgment in favor of Yale.. A copy of the Execution dated December 22, 2003 issued by the Federal Court is attached hereto as Exhibit "A." (complaint as amended, ¶ 5; Affidavit of Alvin S. Nathanson, ¶ 2)

2.      That case involved a claim by Yale against Linsang for damages for breach of lease for unpaid rent, additional charges, and other damages under a Lease executed by Linsang for premises located in Boston, MA.  Yale recovered a Judgment in the Federal Court after the allowance by the Federal Court of Yale's Motion For Summary Judgment and an assessment of damages.  Since Linsang did not appeal that case, that Judgment became a final and valid Judgment against Linsang. (complaint as amended, ¶ 5).

1

therefrom to satisfy in whole or in part the outstanding Judgment and Execution held by Liffey, and the shares of stock owned by Linsang along with the notes receivables, with Linsang being ordered to turn over or otherwise assign over to the plaintiff all of its right, title and interest in the shares of stock and notes receivables to be applied on account of the money owed to the plaintiff for the Judgment. (complaint).

10.    With respect to shares or stock that cannot be attached or seized, Liffey seeks an order to compel the transfer of the ownership of the shares or stock and to receive any proceeds derived therefrom or to have these shares ordered to be transferred to the plaintiff to be applied on account of the outstanding Judgment and Execution held by Liffey against Linsang.  With respect to the notes receivable, Liffey seeks an order to sell said notes and to receive any proceeds therefrom or to have these notes ordered to be transferred to the plaintiff to be applied on account of the outstanding Judgment and Execution held by Liffey against Linsang. (complaint).

11.    In its latest SEC filing, Form SB-2 filed on February 15, 2005, LMIC stated that Linsang Partners, LLC  was the owner of 5,317,788 shares of LMIC or 28.7%, with Kwok-Li as the managing member of Linsang Partners, LLC who is deemed to share voting and investment control of the shares owned by Linsang Partners, LLC.  As of April 4, 2005, the shares of LMIC were listed at $0.29 per share. (Affidavit of Alvin S. Nathanson).

By its attorneys,

April 5, 2005

Alvin S. Nathanson, BBO# 367480
Nathanson & Goldberg, PC
2 Oliver Street
Boston, MA 02109
(617) 210-4800

4

3.    Yale made demand upon Linsang for the payment of the aforementioned Judgment and Execution, which Linsang has failed, refused, and neglected to pay in whole or in part. Notwithstanding the foregoing, the Judgment and Execution remain unsatisfied, in whole or in part, and remain outstanding. (answer to complaint, ¶ 5).

4.    On or about April 15, 2004, Yale conveyed the Fargo Building by a deed in lieu of foreclosure to Liffey 451 LLC (herein "Liffey"), an affiliate of Hypo Real Estate Capital Corporation, the then holder of the mortgage on the Fargo Building.  In connection with such conveyance, on April 15, 2004, Yale executed and delivered to Liffey an Assignment and Assumption of Leases, which included the subject Judgment.  Liffey is now the successor in interest to said Judgment. ( plaintiff's motion to amend to substitute party plaintiff; Affidavit of Alvin S. Nathanson).

5.    Since plaintiff was unaware of any assets of Linsang that may be attached, seized, or otherwise reached to satisfy the aforementioned Judgment and Execution, plaintiff commenced an action to reach and apply certain shares of stock owned by Linsang in LMIC, Inc. ("LMIC") and an interest in Linsang Manufacturing and as to the other shares of stock owned by Linsang along with the notes receivables as hereinafter set forth. (complaint).

6.    On or about January 6, 2004, LMIC filed with the Securities and Exchange Commission ("SEC") a Form SB-2 Registration Certificate in which LMIC disclosed in that prospectus an intent by several of its shareholders, including Linsang, to offer to sell a certain amount of common stock which they own in LMIC.  According to that filing, Linsang owned 49.53% of the common stock of LMIC (5,317,787 shares) of which Linsang proposed to sell 187,546 shares to LMIC or to the public.  According to the SEC filing, the proposed maximum offering price per

share is $1.50; with LMIC's common stock being quoted on the OTC Bulletin Board on December 31, 2003 at the closing bid price of $2.35 per share. (Affidavit of Alvin S. Nathanson)

7.    At a F.R.Civ.P. 30(b)(6) deposition of Kwok-Li taken by Yale on April 7, 2004, the deponent testified that the Linsang owned an interest in certain shares of stock, including stock in LMIC, and pledged notes. (deposition, p. 18-19). Mr. Kwok-Li testified that Linsang owned stock in LMIC. (deposition, p. 20). Mr. Kwok-Li also stated that Linsang owned 5,317,787 shares in LMIC or 49.53 per cent of the stock of LMIC as of the date of the release. (deposition, pp. 20-21). He also testified that the shares were currently owned by Linsang. (deposition, p. 22). Further, Kwok Li (herein "Li") stated that Linsang Manufacturing, Inc is a wholly owned subsidiary of LMIC Manufacturing, Inc. which thereafter changed its name to LMIC, and that LMIC is also the parent company of Linsang Partners. (deposition, p. 20). At all times material hereto, Li was the founder and the chairman of LMIC along with the chairman and managing partner of Linsang.

8.    Mr. Kwok-Li disclosed in his deposition that the current value of the LMIC stock held by Linsang is approximately $2.00 per share, with Linsang holding over 5 million shares at a value of over $10 million. (deposition, p. 27).

9.    As a result of documents furnished to the plaintiff pursuant to a document request in a F.R.Civ.P. 69 deposition in the underlying suit, plaintiff learned of other shares of stock owned by Linsang, which list of shares is attached hereto as Exhibit "B" and notes receivables owed to Linsang,, which list of notes is attached hereto as Exhibit "C."   At his deposition, Mr. Kwok-Li testified that these notes were pledged to Linsang. (deposition, p. 23).

10.    Liffey, as a Judgment creditor, of Linsang, seeks to reach and apply the stock or shares of Linsang in LMIC and Linsang Manufacturing and/or any proceeds derived or to be derived

3