UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFFEY 451, LLC )<br>   Plaintiff, )<br>vs. )<br>LINSANG PARTNERS, LLC, )<br>   Defendant, )<br>and )<br>LMIC, Inc. and LMIC )<br>MANUFACTURING, Inc., )<br>   Reach and Apply Defendants. ) | Docket No. 04-CV10372 RCL |

### ASSENTED-TO MOTION OF DEMEO & ASSOCIATES, P.C. TO WITHDRAW AS DEFENDANTS' COUNSEL

Pursuant to L.R. 83.5.2(c), the law firm of Demeo & Associates, P.C., Joseph L. Demeo, Esquire, David W. Fanikos, Esquire and Stephanie Taverna Siden, Esquire (collectively, "Demeo") hereby move for leave to withdraw as counsel in this action for Defendant, Linsang Partners, LLC, and for Reach and Apply Defendants, LMIC, Inc., and LMIC Manufacturing, Inc. (collectively, "Linsang"). As grounds for this Motion, Demeo states as follows:

1. Irreconcilable differences have developed between Demeo and Linsang, which have led to a complete and total breakdown of communications between Demeo and Linsang. Further, Linsang has refused to satisfy its outstanding obligations owed to Demeo.

2. Pursuant to L.R. 83.5.2(c), leave of Court is required to withdraw as counsel where: (i) there is no successor counsel prepared to appear; (ii) a motion is pending before the Court; (iii) a trial date has been set; or (iv) a hearing or conference is scheduled or reports are due. Id. Here, although plaintiff's motion for summary judgment is pending and the Court has scheduled a status conference

for May 26, 2005. no trial date has been set and no reports are due. Linsang will not be unfairly prejudiced by Demeo's withdrawal.

3. Massachusetts' courts have long held that "[w]hen the lawyer-client relationship deteriorates, it is both impractical and subversive of the legal profession to persist in the legal relationship." LoCicero v. Hartford Insurance Group, 25 Mass. App. Ct. 339, 334, 518 N.E. 2d 530, 533 (1988) (allowing attorney's motion to withdraw), *citing* Salem Realty Co. v. Mattera, 10 Mass. App. Ct. 571, 575, 410 N.E. 2d 716 (1980), *and* Phelps Steel, Inc. v. Von Deak, 24 Mass. App. Ct. 592, 594, 511 N.E. 2d 42 (1987). The lawyer-client relationship between Demeo and Linsang has reached this point.

4. Demeo has served Linsang with a copy of this Motion, by telecopier and by Federal Express.

5. Based on the above, there is good and sufficient cause to grant Demeo's Motion for Leave to Withdraw as Linsang's counsel.

WHEREFORE, Demeo & Associates, P.C., Joseph L. Demeo, Esquire, David W. Fanikos, Esquire and Stephanie Taverna Siden, Esquire respectfully request that this Court grant their Motion for Leave to Withdraw as counsel for Linsang, effective immediately.

        Respectfully submitted,
**DEMEO & ASSOCIATES, P.C.,**
**DAVID FANIKOS, ESQ. and**
**STEPHANIE TAVERNA SIDEN, ESQ.**

_____
Joseph L. Demeo, BBO# 561254
David W. Fanikos, BBO# 564303
Stephanie Taverna Siden, BBO# 643373
Demeo & Associates, P.C.
One Lewis Wharf
Boston, Massachusetts 02110
(617) 263-2600

Dated: May 10, 2005

Assented to,

**LIFFEY 451, LLC**
By its attorneys,

_____
Alvin Nathanson, BBO #367480
Nathanson & Goldberg, PC
2 Oliver Street
Boston, MA 02109
(617) 210-4800

### RULE 7.1 CERTIFICATION

The undersigned counsel hereby certifies that, pursuant to L.R. 7.1, Demeo, via David Fanikos, Esquire, contacted Plaintiff's counsel and attempted in good faith to resolve or narrow the issue presented in this motion. Plaintiff's counsel assented to this motion.

_____
David W. Fanikos

3